# Davis v. Schuylkill Co.

The fact that the Act of July 14, 1897, P. L. 296, prohibits Policemen from charging or accepting any fee or other compensation in addition to his salary, for any service rendered or performed by him of any kind or nature whatsoever, pertaining to his office or duties as Policeman, except public rewards, and the legal mileage allowed for traveling expenses, does not prevent him from receiving witness fees which are fixed and determined by Act of Assembly and paid in accordance therewith, for testifying in Court to such matters as he may know when required to appear and do so.

It is not the fact that the party being a Policeman renders him competent as a witness or brings him into Court as such, but the fact that he is possessed with certain information which is necessary to make out the Commonwealth's or Defendant's case.

POLICEMEN—ACT OF JULY 14, 1897, P. L. 266—WITNESS FEES.

Case stated. No. 210, November Term, 1902, C. P. of Schuylkill County.

Morris H. Spicker and R. Albert Freiler, Esqs., for plaintiff.

Charles A. Snyder, Esq., County Solicitor, for defendant.

Opinion by BECHTEL, P. J., October 27, 1902.

## OPINION:

From the facts agreed upon, it appears that the plaintiff is one of the police officers appointed by the borough of Potts-ville, and is at present the chief of the force. He was subpoenaed by the Commonwealth in the prosecution pending against Eben-ezer Enty. He appeared in obedience to the command of the Commonwealth, testified before the Grand and Petit Juries. The defendant was found guilty and has been sentenced, and is now undergoing sentence. It is not denied that every fact nec-essary to show the liability of the defendant for costs appears, but the defendant claims that the plaintiff is not entitled to fees by reason of his being a police officer. To sustain this conten-tion, the Act of July 14, 1897, P. L. 266, is cited and relied upon. The act provides that all municipalities or corporations em-ploying policemen shall pay them a fixed or stipulated salary, and says: "It shall not be lawful for any such policeman to charge or accept any fee or other compensation, in addition to his sal-ary, for any service rendered or performed by him of any kind or nature whatsoever, pertaining to his office or duties as police-man, except public rewards and the legal mileage allowed for traveling expenses." This act prevents an officer serving as a policeman from receiving any additional compensation for any services rendered in his official capacity. He may not make ar-rests or serve legal process and make charges therefor, or ac-cept compensation therefor, for this is service rendered "per-taining to his office or duties as policeman," for which the law provides compensation in his salary: Weaver v. Schuylkill County, 17 Pa., Superior Ct., 327. But no such question is pre-sented here. The plaintiff did not render any service "pertain-ing to his office or duties of policeman." Testifying in Court to such matters as he may know when required to appear and do so is not rendering services "pertaining to his office or duties of policeman." Receiving witness fees, which are fixed and de-termined by the Act of Assembly and paid in accordance there-with is not charging a fee for services rendered pertaining to the office of policeman. Any other person who might, by his pres-

Davis v. Schuylkill Co.

ence at a particular time and place, be possessed of the same information would, as a witness, be entitled to the same compensation, although not a policeman, nor an official of any kind. It is not the fact that the party is a policeman that renders him competent as a witness or brings him into Court as such, but the fact that he is possessed of certain informantion which is necessary to make out the Commonwealth's or defendant's case. We cannot, therefore, agree with the contention of the defendant, nor can we see how the provisions of the act of 1897 can be applied to the case in hand. There being no other ground of defense offered, the Court is of the opinion that the case is with the plaintiff, and that judgment should be entered in his favor upon the case stated, and consequently so orders.

It is now ordered and directed that judgment be entered in favor of the plaintiff for $3.50, with costs.

Reported by A. W. Schalck, Esq.,

Pottsville, Pa.